[No. 1393.]

THE STATE OF NEVADA, EX REL. H. H. BECK, RELATOR, *v.* THE BOARD OF COUNTY COMMISSIONERS OF WASHOE COUNTY AND J. B. WILLIAMS, AUDITOR OF SAID COUNTY, RESPONDENTS.

BOARDS OF COUNTY COMMISSIONERS—JURISDICTION.—Boards of county commissioners being creatures of the statute, and invested with none but special powers, can exercise such powers only in the manner expressly conferred by the statute, and their acts must affirmatively appear to be in conformity with the provisions of the statute giving them power to act.

COUNTY COMMISSIONERS—MEETINGS—RECORDS.—Any act of a board of county commissioners as such, between its regular meetings, is void where its records show that at the last preceding regular meeting such meeting had been adjourned *sine die* and fail to show a compliance with sec. 1945, Gen. Stats., relating to special meetings.

ORIGINAL PROCEEDING on application for writ of *certiorari.*

The facts are sufficiently stated in the opinion.

*B. F. Curler,* District Attorney of Washoe county, and *Benjamin Curler* and *Clarke & Jones,* for Relator:

The statutes of this state, Gen. Stats., sec. 1944, provide that the meetings of the board of county commissioners shall be held at the county seat * * * on the first Mondays of January, April, July and October of each year, and shall continue from time to time till all business before them

is disposed of.   The only exception from this provision is the one providing for special meetings (Gen. Stats., sec. 1945), and at such special meetings no business can be transacted except that for which the meeting was called.

The board in this instance met and adjourned *sine die* October 2, 1893, and was therefore powerless in the absence of a special meeting (and none was called) to meet and allow the claim of Powning, until the next regular meeting, until the first Monday in January, 1894. (*State of Nevada* v. *Manhattan S. M. Co.*, 4 Nev. 331.)

This court has repeatedly decided that a board of county commissioners is of special and limited jurisdiction, and nothing in regard to its proceedings is to be presumed in its favor, and that its records must affirmatively show the necessary jurisdictional facts. (*State* v. *Board of Commissioners*, 5 Nev. 319; *Swift* v. *Board of Commissioners*, 6 Nev. 97; *Johnston* v. *Eureka County*, 12 Nev. 28.)

"And when the jurisdiction of the board depends upon certain facts to be ascertained and determined by it, its records should show that it acted upon the evidence and adjudged the facts to be sufficient." (*Johnston* v. *Eureka County*, 12 Nev. 28.)

*J. L. Wines*, for Respondent:

This court will not inquire into the sufficiency of the evidence upon which the board acted, and will not consider the weight or relevancy of the testimony presented to the board.

This court will not inquire as to whether or not there was sufficient or any legal testimony before the board at the time this action was taken.

Notwithstanding all the defects claimed may have been present in connection with the action of the board, this court will not consider any of them, nor will it review, in any manner whatever, the action of the board on this application. "A want of jurisdiction is the only question which this court will examine." (*State* v. *Fall, et al.*, 6 Nev. 100; *State* v. *Board Equalization*, 7 Nev. 83; *Phillips* v. *Welch*, 12 Nev. 158.)

By the Court, MURPHY, C. J.:

This is an application for a writ of *certiorari* requiring the board of county commissioners of Washoe county, and John

B. Williams, auditor of said county, to certify up the proceedings of said board and auditor, in reference to a certain claim of C. C. Powning, amounting to the sum of one thousand dollars, for money advanced and expended by him on account of the celebration of the Fourth of July, 1893, at Reno. Which claim was allowed by the Board, and audited by the county auditor, but has not as yet been paid by the county treasurer.

It is not disputed but that the money was advanced and expended as set forth in the claim as presented to and allowed by the board; but the relator claims and argues that in allowing said claim the board of county commissioners exceeded its jurisdiction, therefore, its acts are null and void.

A number of questions were discussed in the oral argument before this court, and the points are referred to in the brief of the attorneys for the relator; among others, the grave question of the constitutionality of the act of the legislature of 1893, authorizing the boards of county commissioners to appropriate money for encampments and other public holiday celebrations. (Stats. 1893, p. 127.) The court has been asked to pass upon and determine this question. Were it necessary for the decision of this case we would not hesitate to do so; but from the view we take of the questions submitted it is unnecessary to question the validity of the act, and courts are unwilling to pass upon the unconstitutionality of an act of the legislature unless it becomes absolutely necessary to do so for the purpose of deciding the question then under consideration. We therefore deem it necessary to notice but one point argued by the attorneys for the relator, and that is whether the board of county commissioners was legally in session on the 6th day of November, 1893, on which day it passed upon and allowed the claim in question. If it was not, the acts of its members were absolutely void, and the allowance of said claim must be set at naught.

Section 1942, Gen. Stats., provides for the election of a board of county commissioners in each county in the state.

Section 1944 reads: " The meetings of the boards of county commissioners shall be held  * * *  on the first Mondays of January, April, July and October, of each year, and shall continue from time to time, until all the business before them is disposed of."

Section 1945 provides for the calling of special meetings of the board if the business of the county should require the holding of such. The order calling a special meeting shall be signed by a majority of the board, and the order shall be entered on the records of the board. The clerk shall give notice to the members not signing the order, and the notice calling such special meeting shall be published in a newspaper for one week. Boards of county commissioners, being creatures of the statute, invested with special powers, can only exercise such powers in the manner expressly conferred by the statute, and their acts must affirmatively appear to be in conformity with the provisions of the statute giving them power to act. Therefore, before the proceedings had or business transacted by the board of commissioners of Washoe county on the 6th day of November, 1893, can be upheld, it must appear from its records that the meeting was either an adjourned or a special meeting called as provided for by law.

When a special meeting is held by the board its record must show that the order calling the same was signed by the members of the board, or a majority thereof, and those who did not sign were notified of the order calling the same, and that the notice was published in the newspaper for one week, and what were the purposes for which the special meeting was to be held as stated in the order calling the same; and if such entries are not made in the record book, everything done at such special meeting must be held absolutely void for want of jurisdiction, because jurisdictional facts of tribunals of special and limited jurisdiction must appear on its records.

The record of the proceedings of the board of county commissioners brought up by the respondents by way of return to the writ issued in the case, among other things, shows the following: "Board of county commissioners met October 2, 1893, and, after certain business, adjourned *sine die*." There is nothing in the record that would indicate or impart information to any taxpayer in Washoe county that the board intended to meet on the 6th day of November for the purpose of transacting any business, and when it adjourned without date on the 2d day of October, 1893, it could not meet again as a board of county commissioners until the first Monday of January, 1894, without pursuing the course as provided for in section 1945.

Points decided.

The next record we have of the proceedings of the board reads as follows: "At a meeting of the board of county commissioners of Washoe county, Nevada, held November the 6th, 1893, the following order was made: 'Washoe County, to C. C. Powning, Dr. For money advanced and agreed to be advanced on account of celebration of 4th of July at Reno, 1893, and for decorating county bridge and streets with bunting and other emblems, $1,000.'" This claim is subscribed and sworn to by C. C. Powning, and allowed by a majority of the board of commissioners.

The record before us fails to show that the meeting held on the 6th day of November, 1893, was either an adjourned or a special meeting, and, the record being silent, we must presume that it was neither one nor the other, and that the board as a board had no authority to meet and transact any business on that day. It is an easy matter for the boards of commissioners of the several counties, if the business of the county should require weekly or monthly meetings, for them to instruct their clerk to enter an order in their proceedings adjourning over from week to week, or month to month, as the business may require; and at such adjourned meeting they can transact any business that might have been transacted at a regular meeting, of which it is but the continuation.

Being fully satisfied that the law has not been complied with, we therefore decide that the proceedings of the commissioners had on the 6th day of November, 1893, in attempting to allow the claim in question, were fatally defective for want of jurisdiction, and must be quashed, and it is so ordered.