## STATE Ex Rel. KING *v.* LOTHROP, Clerk, Etc.

No. 3083

October 1, 1934.                              36 P. (2d) 355.

*John R. Ross,* for Relator:

*Gray Mashburn,* Attorney-General, and *W. T. Mathews* and *Julian Thruston,* Deputy Attorneys-General, for Respondent, did not file a brief.

## OPINION

By the Court, DUCKER, J.:

This is an original proceeding in mandamus to compel Ruel E. Lothrop, as county clerk and clerk of the board of county commissioners in and for the county of Lyon, State of Nevada, to forthwith publish a notice calling for bids on Lyon County courthouse bonds, as ordered and directed by a resolution of said board. At the hearing of the petition for the writ, counsel for the parties stipulated that when the court had reached a conclusion an order declaring the same might be made in advance of the written opinion. The court, having been duly advised, made and entered an order on the 31st day of August, 1934, denying the writ and dismissing the proceeding.

In part, the petition shows that in June, 1933, an earthquake severely damaged the courthouse building in the city of Yerington in said county of Lyon. By resolution of September 5, 1933, the board of county commissioners declared said courthouse to be unsafe and a menace to the people employed therein, and that immediate steps should be taken to procure funds from the Federal emergency administration of public works for the purpose of repairing and remodeling the building.

Accordingly, application was made to the Federal emergency administration of public works at Washington, D. C., for a loan of the sum of $40,000 to be used in making said courthouse a suitable building for county purposes. The application was subsequently modified by reducing the amount applied for to the sum of

$25,000. Upon approval of the application for the loan as modified, the board of county commissioners by resolution declared, among other things, that pursuant to and under the provisions of sections 1991, 1992, and 1993 of Nevada Compiled Laws 1929, the board was authorized and empowered to issue bonds in the sum of $25,000 for the purpose of repairing and reconstructing the present courthouse of Lyon County, which, by reason of the damages occasioned by earthquake, was not at present a suitable place for county purposes, and that Lyon County do issue its general obligation bonds, pursuant to the authority conferred upon the board by said sections, in the full sum of $25,000.

Afterwards the board of county commissioners, by resolution, ordered and directed the respondent, as clerk of the board, to forthwith publish a notice for bids for the sale of said bonds. This the respondent refused to do, presenting to the board a statement of his reasons in writing for such refusal, which reads in part as follows: "This refusal on my part is prompted by my interpretation of Chapter 95 of the Nevada Session Laws of 1933. No election has been called or had as is by that act required. Until such time as the bond issue has been approved as in the above act provided, I believe it would be illegal to advertise and/or sell such bonds. For the foregoing reasons I refuse and will continue to refuse to give the notice as required by your resolution of June 5, 1934."

1-3. Learned counsel for the relator, the district attorney of the county of Lyon, at the hearing in oral argument and in his brief, argued persuasively that the act upon which respondent based his refusal to comply with the order of the board had no application. He devoted himself exclusively to this contention as respondent had presented no other objection. We are of the opinion, however, as indicated in our order, that, irrespective of whether the provisions of said chapter 95 had been compiled with, no duty was imposed on the respondent to publish the notice as directed. This being so, the respondent was justified in refusing to publish

the notice, and mandamus may not be invoked against him. Section 9242, N. C. L. The resolution of the board of county commissioners that Lyon County issue its general obligation bonds for the purpose of repairing and remodeling the county courthouse was beyond the power of the board and therefore void. The provisions of secs. 1991, 1992, and 1993, N. C. L., on which the board based its action, confer no such power. Section 1991 reads: "In any county in this state, not at present supplied with suitable buildings for county purposes, it shall be lawful for the board of county commissioners of such county, to build or purchase, in their discretion, the buildings required." The two following sections provide for the issuance of bonds and the method of retiring the same. It will be seen that these sections do not contemplate the issuance of bonds for the repairing or remodeling buildings for county purposes. They empower the commissioners of a county, when it is not supplied with suitable buildings for its purposes, to issue bonds in order to *build* or *purchase* the same. Whatever may have been the extent of the damage caused Lyon County courthouse by the earthquake rendering it unsuitable for county purposes (and it appears from the petition that the damage is considerable), it is clear therefrom that the commissioners do not intend to build or purchase a building. It is proposed only to repair or remodel the present building and make an addition thereto. It is well settled that county commissioners have only such powers as are expressly granted, or as may be necessarily incidental for the purpose of carrying such powers into effect. Sadler v. Board of Com'rs of Eureka County, 15 Nev. 39.

The power to repair a courthouse or other public building is expressly given to boards of county commissioners by paragraph 11, sec. 1942, N. C. L., but the power to issue bonds for such purpose is not conferred by that section. The exigency of the situation, which could be met by obtaining from the government money for the improvements mentioned, was strongly presented both in the petition and in argument before the

court. We are in sympathy with this appeal, but we cannot depart from what we believe to be the law of the case, however pressing the emergency may be.

For the reasons given the writ was denied and the proceeding dismissed.

COLEMAN, J.: I concur.

SANDERS, C. J.: I dissent.