Opinion by
Woodsibe, J.,
This case involves the disposition of funds realized by the county through a redemption of real estate by the plaintiff after it had been sold by the County Commissioners, who had purchased it at a tax sale.
The legal steps by which the disputed fund came into existence are taken from the plaintiff’s complaint. We set them forth along with the citations of the statutory law relating to each step.
A parcel of real estate in the Borough of Foleroft was sold October 8, 1952 by the Treasurer of Delaware County for the nonpayment of the 1950 real estate taxes. See Act of May 29, 1931, P. L. 280, §§3 to 7, as amended, 72 P.S. §§5971c-g. As there was no bid high enough to cover taxes, penalty and costs, the premises were purchased by the County Commissioners. See §10 of Act of 1931, supra, as amended, 72 P.S. §5971]. The commissioners sold the premises at a county commissioners’ sale May 5, 1959, for $5,469.71. See §16 and §17 of the Act of 1931, supra, as amended, 72 P.S. §§5971p and q. The taxes, interest and penalties due at that time totalled $2,669.98. See §16 and §17 of the Act of 1931, as amended, supra. See also Erie Appeal, 159 Pa. Superior Ct. 18, 46 A. 2d 592 (1946). Within ten days of the sale the plaintiff, who was then the record owner of the premises, redeemed the premises for $6,-014.71. See §17 of the Act of 1931, as amended, supra.
The plaintiff then demanded $3,344.73 from the County Commissioners; that sum being the difference *112 between the redemption price of $6,014.71 and $2,-669.98, which was the total of the taxes, interest and penalties then due. When the County Commissioners refused to return any of the purchase price, he filed a complaint in assumpsit. See Act of May 21, 1943, P. L. 349, §1 and §2, as amended, 72 P.S. §§5566b and c.
The county, the borough and the school district, whose taxes had been assessed against the premises, filed preliminary objections charging that the facts alleged in the complaint did not set forth a cause of action. The court below sustained the preliminary objections, thereby holding that the redemption fund belonged to the county, borough and school district, and that the plaintiff had no interest in any part of it. The plaintiff appealed.
The right of redemption did not exist at common law. It was created by statute and is subject to the control of the legislature. Bernitsky v. Schuylkill County, 381 Pa. 128, 132, 112 A. 2d 120 (1955).
The sale by the commissioners of real estate purchased by them at a tax sale is made under the authority of the Act of May 29, 1931, P. L. 280, §17, as amended, supra, 72 P.S. §5971q, which provides: “. . . any owner of the property so sold may, within ten days after the date of the said sale, redeem the property so sold upon payment of the bid price and the costs of sale, and a penalty of ten per centum (10%) of the bid price, which penalty shall be distributed as a part of the proceeds of the sale.”
It is clear from this provision that in order to redeem the owner must pay the bid price, costs and a penalty of 10% of the bid price. If the plaintiff’s contention in this suit is correct, then the 10% penalty, which he is required to pay, is immediately returned to him. To require the payment of a penalty which is immediately refunded is manifestly unreasonable, and *113 the legislature does not intend a result that is absurd or unreasonable.
By waiting until after the commissioners have sold the property, the plaintiff is attempting to redeem by payment of the taxes, interest and penalties. If the plaintiff’s contention is correct, the owner of real estate could allow it to be sold by the commissioners with the knowledge that the maximum he would have to pay in order to redeem it would be the taxes, interest and penalties, although the statute specifically provides that he must pay the bid price plus costs and a 10% penalty. If the bid price is less than the taxes, interest and penalties, the owner can redeem for a sum less than the amount of taxes due. If plaintiff’s contention is correct, an owner could attempt to obtain this advantage without taking any risk that the redemption price could be increased. It is readily apparent what effect such a construction of the statute would have on any redemption prior to sale as well as on the competitive bidding at a commissioners’ sale.
The act requires the person redeeming to pay the bid price, plus costs and penalty and it makes no provision for the return of any of this money to him. This seems clear enough, but if there is need of court interpretation of this provision it can be found. The Supreme Court said in Frailey Twp. School District v. Schuylkill Mining Co., 361 Pa. 557, 564, 64 A. 2d 788, 792 (1949) :
“In Benzinger Township School District v. Elk County, 50 D. & C. 449, in an opinion which both this Court and the Superior Court have specifically approved as well-reasoned (see Zerbe Township School District v. Thomas, 353 Pa. 162, 170, 44 A. 2d 566, and Erie Appeal, supra, at p. 26) [159 Pa. Superior Ct. 18, 46 A. 2d 592 (1946) ] it was held that, where property purchased by county commissioners at a tax sale is later sold by them for a sum in excess of the aggregate *114 unpaid taxes due all participating taxing authorities, the excess belongs to the taxing authorities (and not to the former owner) in proportion to their tax claims. That decision . . . was manifestly correct, . . .”
The appellant argues that under the Real Estate Tax Sale Law of July 7, 1947, P. L. 1368, §304, as last amended by the Act of May 6, 1955, P. L. 40, 72 P.S. §5860.304, the real owner at the time of a public sale under the provisions of that act is entitled to the balance of the sale price after all liens and costs are paid out of the fund realized at the sale. This act does not apply in counties whose county commissioners adopted a resolution electing not to accept its provisions, §102, 72 P.S. §5860.102, and the appellant admits that the act is not in effect in Delaware County. The Act of 1947, supra, creates a different system of tax collection than the statutes applying to Delaware County, and does not even permit a redemption by the owner of real estate sold by the county commissioners after purchase by them at a tax sale. §501 (c) of the Real Estate Tax Sale Law of 1947, supra, 72 P.S. §5860.501 (c).
The appellees have questioned the legal sufficiency of the plaintiff’s claim on other grounds, but having struck down the claim for the reasons set forth above, it would serve no purpose to examine the other contentions.
Order affirmed.