THE COUNTY OF CLARK, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, AND W. W. GALLO-WAY, TREASURER OF CLARK COUNTY, NEVADA, APPELLANTS, v. ROOSEVELT TITLE INSURANCE COMPANY, LTD., A NEVADA CORPORATION, RESPONDENT.

No. 4718

June 11, 1964                    393 P.2d 136

*Edward G. Marshall,* District Attorney, and *John A. Porter,* Deputy District Attorney, Clark County, for Appellants.

*Kelly & Pike,* of Las Vegas, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

Roosevelt commenced action in the lower court against the county to enforce its alleged right to redeem certain property taken and sold to the county for taxes in 1935. This action was filed May 23, 1963. On the 20th day after the filing of the complaint, to wit, June 12, 1963,

Roosevelt filed a motion for summary judgment. This motion was premature for the reason that NRCP 56(a) provides that a plaintiff "at any time after the expiration of 20 days from the commencement of the action" may move for a summary judgment. By the wording of this rule the filing of the motion on the 20th day was premature. Inasmuch as this point has not been raised, we will not consider this defect.

On June 12, 1963 the county filed its answer to the complaint and a motion to dismiss the action denying certain parts of the complaint and alleging as affirmative defenses the statute of limitations and laches.

The motion for summary judgment was argued on June 28, 1963 by attorneys for Roosevelt and the county and then submitted. Thereafter on October 7, 1963 the court granted the motion and ordered the treasurer of Clark County "this day" to accept from Roosevelt the redemption costs in the sum of $1,540.83 and simultaneously to deliver to Roosevelt a deed of reconveyance covering the property in question. The court notified Roosevelt's attorney, Kelly, by telephone of its action, and attorney Kelly immediately proceeded to the judge with a prepared judgment which was signed by the district judge. The district attorney represents to this court that he was never advised by the lower court of its decision granting the motion for summary judgment.

A copy of the summary judgment was served on appellant Galloway, the Clark County treasurer, on October 7, 1963. On the same day Galloway accepted the redemption costs and issued to Roosevelt's attorney a deed of reconveyance of the property.[1] The affidavit of John E. Kelly states that on the same day a copy of the judgment and a copy of the notice of entry of judgment were served upon the office of the district attorney.[2] According to the affidavits of Edward G. Marshall, the district attorney, and John A. Porter, a deputy district attorney, the office of the district attorney received no

[1] On October 7, 1963 Roosevelt conveyed away part of the property and on the following day another part.

[2] The notice of entry of judgment was not filed however until October 22, 1963, and the Kelly affidavit of service of same was not filed until October 28, 1963.

notice of the judgment or of notice of entry thereof on October 7, 1963, and had no knowledge of the same until November 1, 1963. On this latter date the county filed a notice of appeal therefrom. It appears from the Porter affidavit that the district attorney had no notice until January 3, 1964 of the execution of the deed of reconveyance. A notice of lis pendens was thereupon filed.

Respondent has moved to dismiss the appeal herein upon the ground that appellants had accepted the fruits of the judgment and are thereby foreclosed of their right of appeal.

The general rule is that the right to accept the fruits of a judgment or order and the right to appeal therefrom are not concurrent but are wholly inconsistent, and election of either is a waiver and renunciation of the other. Annot., 169 A.L.R. 985.

Under an exception to the general rule where the party accepting the benefits of a judgment does so involuntarily, i.e., under court order, his right to appeal is not foreclosed. O'Hara v. MacConnell, 93 U.S. 150; Annot., 39 A.L.R.2d 186.

In Erwin v. Lowry, 7 How. 172, 12 L.Ed. 655, the defendant was ordered to convey certain property, conditional upon plaintiff's paying a certain sum to the sheriff or to the defendant. The plaintiff paid the money to the sheriff who turned it over to the defendant. The defendant conveyed the property over to the plaintiff and then appealed. The court, in holding that the acceptance of the money by the defendant would not bar his appeal, stated, "And we take the rule to be, that although a decree in equity is fully executed, at the instance of the successful party, he cannot complain of his own voluntary acts, if he does perform a condition imposed upon him before he can have the fruits of the decree, although the other party derives a benefit from such performance." Annot., 5 L.Ed.2d 906.

In the present case where the county treasurer was ordered and directed "this day" to accept from Roosevelt the redemption costs and simultaneously execute and deliver to Roosevelt, or its attorney, a deed of reconveyance, the action of the treasurer was involuntary. He acted under the mistaken belief that he was compelled to act immediately.[3]

The motion to dismiss the appeal is denied.

BADT, C. J., and THOMPSON, J., concur.

---

[3]It does not appear that he contacted the district attorney prior to the execution of the deed which was presented to him by Roosevelt's attorney.