THE COUNTY OF CLARK, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, AND W. W. GALLOWAY, TREASURER OF CLARK COUNTY, NEVADA, APPELLANTS, v. ROOSEVELT TITLE INSURANCE COMPANY, LTD., A NEVADA CORPORATION, RESPONDENT.

No. 4718

November 30, 1964          396 P.2d 844

*Edward G. Marshall,* District Attorney, and *John A. Porter,* Deputy District Attorney, Clark County, for Appellants.

*Kelly & Stone,* of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, C. J.:

This is an appeal from a summary judgment in favor of Roosevelt Title Insurance Company, Ltd., a Nevada corporation, upon its complaint entitled "Complaint to Enforce Right of Redemption," in which it seeks an order to the defendant county treasurer "commanding and requiring him to accept and receive the said redemption monies * * * for the redemption of" the property described therein "and to issue onto Petitioner a Deed of Reconveyance pursuant to law for said parcel

of property." In effect this is a petition for a writ of mandamus. On the plaintiff's motion for a summary judgment, the court ordered: "[T]hat Plaintiff have judgment against the Defendant-Treasurer and that the Defendant-Treasurer is hereby ordered and directed to this day accept from Plaintiff the redemption costs heretofore tendered to him in the sum of $1,540.83 and to simultaneously execute and deliver unto said Plaintiff, or its Attorney, a Deed of Reconveyance, reconveying all of that real property heretofore taken by the County of Clark for taxes, as set forth in Plaintiff's Complaint, located within the E½ of the SW¼ Section 34 Township 19 S, Range 62 E, M.D.B. & M.; and particularly described as follows: * * *." There follows a description by lot and block number of some 546 lots in North Las Vegas Heights.

The County of Clark and W. W. Galloway, treasurer of Clark County, appealed. We heretofore denied a motion to dismiss the appeal from the judgment. County of Clark v. Roosevelt Title Insurance Company, Ltd., 80 Nev. 303, 393 P.2d 136.

Prior to 1932 the real property in question was assessed to Roosevelt Title Insurance Company, Ltd., a corporation. On September 11, 1933, a tax certificate was made by one Moody, then the tax collector of Clark County, Nevada, pursuant to NRS 361.570 pertaining to the said real property, and on said date Moody made a tax deed pursuant to NRS 361.585(1) conveying the property to Moody as trustee for Clark County. In 1935 upon the issuance of such tax deed the title vested absolutely in Clark County and no suit for the reconveyance of said property would lie unless brought within three years from the date of the tax deed. NRS 361.600; Pender v. Clark County, infra. No suit was brought until the present action was commenced on May 23, 1963, 28 years after the tax deed and 25 years after the expiration of the limitation prescribed by NRS 361.600.

In 1957 the legislature enacted NRS 361.585(3), reading as follows: "Anything in NRS 361.595 to the contrary notwithstanding, at any time prior to the public

notice of sale by a county treasurer, pursuant to NRS 361.595, of any property held in trust by him by virtue of any deed made pursuant to the provisions of this chapter, any person who was the owner, beneficiary under a deed of trust or mortgagee under a mortgage of such property, or to whom such property was assessed, prior to being so conveyed to the county treasurer, shall have the right to have such property reconveyed to him upon tendering to the county treasurer the amount of the taxes, costs, penalties and interest legally chargeable against such property, as set forth in subsection 4 of NRS 361.570, together with interest at the rate of 10 percent per annum until the time of reconveyance."

NRS 361.595 (referred to in the opening clause of 361.585(3) above quoted) contains eight subdivisions and provides in general how sales may be made by the county treasurer on order of the board of county commissioners, the notice that must be given thereof and what kind of a record must be kept.

Prior to the 1957 statute, NRS 361.585(3), this court had before it the case of Pender v. Clark County, 71 Nev. 47, 279 P.2d 659. We there held that the failure of an owner to exercise his right of redemption after a tax foreclosure sale within the statutory time of two years precluded the owner from attacking the title of the county, even where the tax deed was prematurely issued. We there stated that the equitable right which the owner had during the redemption period vanished by operation of law upon the expiration thereof, and that likewise by operation of law the legal title vested immediately in the County. In accord are DeBaca v. Perea, 52 N.M. 418, 200 P.2d 715; Margaritell v. Caldwell Township, 58 N.J.Super. 251, 156 A.2d 46; Ritzinger v. Commissioners of Delaware County, 202 Pa. Super. 110, 195 A.2d 154; Resweber v. Jacob, 125 So.2d 241; Jonke v. Rubin, 170 Ohio St. 41, 162 N.E.2d 116.

It will be seen that after the vesting of the title in Clark County in 1935, 28 years elapsed before the challenge of the present suit was made.

It is respondent's contention that NRS 361.585(3), quoted in full above, is retroactive and applies to the title of land already vested in a county after deed has passed following expiration of the period of redemption. Respondent asserts that this is evident from the provision of 361.585(3) to the effect that any person who was the owner of the property prior to its being so conveyed to the county treasurer shall have the right to have the property reconveyed to him upon tender of the amount of the taxes, costs, penalty, and interest legally chargeable against such property "at any time prior to the public notice of sale by a county treasurer pursuant to NRS 361.595."

It is admitted that there had been no prior sale or notice of sale of this property.

The question presented, then, is whether the 1957 statute, NRS 361.585(3), was prospective only and related only to property which had not vested in the county prior to its enactment, or whether, as claimed by respondent, and apparently found by the court below, was retroactive and applied to all property whose title had vested in the county at any time in its history, and which had not been theretofore sold.

82 C.J.S., Statutes § 416, at 992, in speaking of remedial statutes states: "The general rule that statutes are to be construed as prospective only, unless the language employed conclusively negatives that construction, applies to remedial statutes, and such statutes will not be given retrospective or retroactive effect if to do so would impair or destroy contracts, disturb vested rights, or create new obligations."

82 C.J.S., Statutes § 416, at 992 and 993 goes on to say: "Such statutes will not be given retrospective operation if to do so would impair contract obligations or disturb vested rights, unless the language of the statute indicates that such is the legislative intent."

Supported by a great deal of authority, 82 C.J.S., Statutes § 417, at 994 and 995 states: "Retroactive legislation changing rights is not favored, and the rule that statutes are not to be construed retrospectively

unless such construction was plainly intended by the legislature applies with peculiar force. Hence, in so far as affecting vested rights, a statute will be construed as prospective only, and not as operating retrospectively or retroactively, unless that intention is made manifest either by express words or by a clear, distinct, necessary, plain, strong, or unmistakable, implication." This court has heretofore ruled in accordance with the foregoing well-recognized rules. Wildes v. State, 43 Nev. 388, 187 P. 1002 (1920).

It cannot be seriously questioned, in view of Pender v. Clark County, supra, that to give the 1957 amendment retroactive effect would impair and disturb the vested title and the absolute right of the County to such title and possession of the land; nor can it be seriously questioned that, if given such retroactive effect it would create not only in this respondent but in all persons in the past history of the state whose rights to redeem land had vanished with the expiration of the period of redemption, new rights of redemption. Nor is it possible to point out in the 1957 amendment any language that conclusively negatives the rule and presumption that statutes are to be construed as prospective only. Certainly nothing in the 1957 amendment contains any express words or any clear, distinct, necessary, plain, or unmistakable implication that a retroactive effect was intended. Both from the point of view of disturbing the County's vested right in the land and from the point of view, on the other hand of reviving the respondent's vanished right of redemption, we are compelled to hold that the statute had no such retroactive effect.

Respondent contends that the consideration recited in the county treasurer's deed to it is the full consideration contemplated by the statute, namely, the taxes, penalties, costs and interest, together with taxes and interest thereon for the intervening years since the County acquired title. It contends that a sale of the property is only a part of the procedure to collect the taxes and that the policy of the state is not that the county treasurer, as trustee for the county and state, should

hold title to the property to the end that the state and county may profit by its increase in value. However, the consideration contemplated by the statute is the full value of the property. The receipt of such full value and the prevention of favoritism and fraud are fully recognized in the requirement that the property may be sold only at public sale upon the statutory notice. Such public sale contemplates bidding for the property by prospective purchasers, and sale to the highest bidder. As the sale may be made only upon order of the county commissioners, such board may in its discretion not order the property sold unless and until such action seems proper. Lyon County v. Ross, 24 Nev. 102, 50 P. 1.

The judgment is reversed and the cause remanded with directions to enter judgment denying relief to respondent.

MCNAMEE and THOMPSON, JJ., concur.