THE CLARK COUNTY SCHOOL DISTRICT; THE BOARD OF TRUSTEES OF THE CLARK COUNTY SCHOOL DISTRICT, AND GLEN C. TAYLOR, HELEN C. CANNON, EARL A. EVANS, JR., CLARE W. WOODBURY, B. BERNICE MOTEN, JAMES C. ANDRUS, AND DAVID CANTER, CONSTITUTING THE MEMBERS OF SAID BOARD; AND DR. KENNY C. GUINN, SUPERINTENDENT, APPELLANTS, v. WILLIAM BEEBE, RESPONDENT.

No. 7690

March 17, 1975         533 P.2d 161

*Robert L. Petroni,* of Las Vegas, for Appellants.

*Hilbrecht, Jones & Schreck,* of Las Vegas, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

The principal issues presented on this appeal are whether the Nevada Fair Employment Practices Act as amended by chapter 577, Statutes of Nevada 1973, has nullified the Clark County School District's policy of forcing the involuntary

retirement of its teachers on the sole basis of age, and, if so, when such nullification became effective.

1. William Beebe, the respondent, had been a teacher in Clark County since 1960. Beebe attained the age of 65 years during the fiscal year ending June 30, 1973. The policy of the Clark County School District, as set forth in District Policy and Regulation 4411, adopted June 25, 1964, provides for compulsory retirement of certified employees at the end of the fiscal year in which the age of 65 is attained.[1] Pursuant to this regulation, Beebe was notified by the District in November 1972 that he would be involuntarily retired in June 1973.

Beebe filed a grievance with the District, objecting to his retirement, on the ground that "[t]his policy, by contract or otherwise, will be against the public policy of the State of Nevada, and contrary to the law at the time grievance's discharge is to be effective."

The District rejected Beebe's grievance, and he filed a writ of review in the district court. The court below found that the District's Regulation 4411 was in direct conflict with the 1973 Nevada Fair Employment Practices Act and, consequently, void. The court ordered Beebe reinstated as a classroom teacher.

2. Assembly Bill 543 (amending NRS 281.370, among other statutes) was introduced in the Legislature on March 8, 1973. The bill was approved on April 25, 1973, effective July 1, 1973. Stats. Nev. 1973, ch. 577, § 2, at 980–981.[2] Section

---

[1]Clark County School District Policy and Regulation 4411:

"Employees shall be retired at the end of the fiscal year in which age 65 is attained.

"In unique and unusual circumstances a principal or supervisor may submit a request for continuance of employment to the Associate Superintendent, Personnel Services. The request must be approved by the division head involved. Extensions may be granted on a year-by-year basis only."

[2]Stats. Nev. 1973, ch. 577, § 2, at 980–981:

"SEC. 2. NRS 281.370 is hereby amended to read as follows:

"281.370   1. All personnel actions taken by state, county or municipal departments, agencies, boards or appointing officers thereof shall be based solely on merit and fitness.

"2.   State, county or municipal departments, agencies, boards or appointing officers thereof shall not:

"(a) Refuse to hire a person because of such person's race, color, creed, national origin [or sex,] , sex or age, unless based upon a bona fide occupational classification.

"(b) Discharge or bar any person from employment because of such person's race, creed, color, national origin [or sex,] , sex or age.

"(c) Discriminate against any person in compensation or in other terms or conditions of employment because of such person's race, creed, color, national origin [or sex.] , sex or age, except as provided in section 1 of this act."

2 of NRS 281.370 as amended provides that State, county, or municipal departments, agencies, boards, or appointing officers thereof shall not discharge from employment any person because of age. The district court ruled that the amendment nullified the District's Regulation 4411. We agree.

The District argues on appeal that, since NRS 281.370, subsection 2, fails to name specifically school districts as one of the agencies enumerated therein, District is not bound by the age discrimination proscription of the statute. We do not agree. The pertinent language of the statute barring age discrimination is directed to "State, county or *municipal* departments, agencies, *boards* or appointing officers thereof . . ." (emphasis added). NRS 281.370(2), *infra*. Certainly, a school district may be considered a municipal department within the meaning of the statute, and the school board, a board within the statute. NRS 43.080 defines a municipality as follows: " 'Municipality' means the State of Nevada, or any corporation, instrumentality or other agency thereof, or any incorporated city or town, any unincorporated city or town, or any county *school district*, . . ." (emphasis added).[3]

We conclude and so hold that District is bound by the mandate of the statute prohibiting age discrimination. Each school district, through its board of trustees, is given such reasonable and necessary powers as may be required to attain the ends for which the public schools are established. NRS 386.350.[4] However, no board of trustees may enforce a policy or rule

---

[3]NRS 43.080:

" 'Municipality' means the State of Nevada, or any corporation, instrumentality or other agency thereof, or any incorporated city or town, any unincorporated city or town, or any county, school district, conservancy district, drainage district, irrigation district, general improvement district, other corporate district constituting a political subdivision of this state, housing authority, urban renewal authority, other type of authority, the University of Nevada, the board of regents of the University of Nevada, or any other body corporate and politic of the State of Nevada, but excluding the Federal Government."

[4]NRS 386.350:

"Each board of trustees is hereby given such reasonable and necessary powers, not conflicting with the constitution and the laws of the State of Nevada, as may be requisite to attain the ends for which the public schools are established and to promote the welfare of school children, including the establishment and operation of schools and classes deemed necessary and desirable."

that is inconsistent with the law. NRS 386.360.[5] This means that school districts may not retire school teachers and certified employees involuntarily on the basis of age. The district may, however, discharge any teacher, regardless of age, upon the grounds enumerated in NRS 391.312.[6]

3. The court below found that Beebe's retirement began at the end of the fiscal year, on June 30, 1973, or "simultaneously" with the effective date of chapter 577, Statutes of Nevada 1973, July 1, 1973. We disagree. NRS 354.526 defines a fiscal year as the 12-month period beginning on the

---

[5]NRS 386.360:

"Each board of trustees shall have the power to prescribe and enforce rules, not inconsistent with law or rules prescribed by the state board of education, for its own government and the government of public schools under its charge."

[6]NRS 391.312:

"1.   A teacher may be suspended, dismissed or not reemployed and an administrator may be demoted, suspended, dismissed or not reemployed for the following reasons:

"(a) Inefficiency;

"(b) Immorality;

"(c) Unprofessional conduct;

"(d) Insubordination;

"(e) Neglect of duty;

"(f) Physical or mental incapacity;

"(g) A justifiable decrease in the number of positions due to decreased enrollment or district reorganization;

"(h) Conviction of a felony or of a crime involving moral turpitude;

"(i) Inadequate performance;

"(j) Evident unfitness for service;

"(k) Failure to comply with such reasonable requirements as a board may prescribe;

"(l) Failure to show normal improvement and evidence of professional training and growth;

"(m) Advocating overthrow of the Government of the United States or of the State of Nevada by force, violence or other unlawful means, or the advocating or teaching of communism with the intent to indoctrinate pupils to subscribe to communistic philosophy;

"(n) Any cause which constitutes grounds for the revocation of a teacher's state certificate;

"(o) Willful neglect or failure to observe and carry out the requirements of this Title; or

"(p) Dishonesty.

"2.   In determining whether the professional performance of a certificated employee is inadequate, consideration shall be given to the regular and special evaluation reports prepared in accordance with the policy of the employing school district and to any written standards of performance which may have been adopted by the board."

first day of July and ending on the last day of June.[7] Respondent Beebe suggests that his retirement commenced July 1, 12:00 a.m., and that, therefore, he is covered by the amendment to the statute barring age discrimination. We, however, construe "end of fiscal year' to be June 30, 1973. Otherwise, there would be constant conflict between policies in effect during one fiscal year and amended the following fiscal year.

There is nothing in the statute which indicates either expressly or impliedly that the Legislature intended that it be applied retrospectively. County of Clark v. Roosevelt Title Ins. Co., 80 Nev. 530, 396 P.2d 844 (1964); Walsh v. Clark County School Dist., 82 Nev. 414, 419 P.2d 774 (1966). Unless the contrary plainly appears, such statutes operate prospectively only. Fitch v. Elko County, 8 Nev. 271 (1873).

Construing the applicable legislative pronouncements according to the normal acceptation of their words, we are constrained to hold erroneous the lower court's determination that Beebe's retirement and chapter 577, Statutes of Nevada 1973, were effective at the same moment. If the Legislature wishes to extend the benefits of its 1973 Act to those situated as Beebe, it may adopt appropriate legislation to do so during its current session.

On the basis of the statute as adopted, however, the judgment reinstating Beebe must be reversed.

GUNDERSON, C. J., and BATJER, ZENOFF, and THOMPSON, JJ., concur.

---

[7]NRS 354.526:
" 'Fiscal year' means the 12-month period beginning on the 1st day of July and ending on the last day of June."