MELVILLE R. BISSELL, JR., AKA MELVILLE BISSELL; MELVILLE R. BISSELL; HARVEY S. BISSELL; SABRA McCAY CLARK; DOROTHY McCAY SCULLY; JOHN D. BISSELL; CLARA O BISSELL; MELVILLE BISSELL, III; WADSWORTH BISSELL; CHARLES BISSELL; AND CARL L. REED, SPECIAL ADMINISTRATOR OF THE ESTATE OF MARY CATHERINE HARVEY, AKA MAY C. HARVEY, APPELLANTS, v. COLLEGE DEVELOPMENT CO., A NEVADA CORPORATION, AND ROBERT J. LEWIS, TRUSTEE, A JOINT VENTURE; SUNRISE MOUNTAIN DEVELOPMENT COMPANY, A NEVADA CORPORATION, AND ROBERT J. LEWIS, TRUSTEE, A JOINT VENTURE, RESPONDENTS.

No. 5892

May 26, 1970                                              469 P.2d 705

*Foley Brothers,* of Las Vegas, for Appellants.

*W. Bruce Beckley,* of Las Vegas, for Respondents.

**OPINION**

By the Court, MOWBRAY, J.:

This is an appeal from an order of the district court granting summary judgment in favor of the respondents and against the appellants, who had answered respondents' complaint to quiet title to the Northwest Quarter (NW¼) of Section 23, Township 20 South, Range 62 East, M.D.B. & M., in Clark County, by counterclaiming that they were the rightful owners of the property.

1. *The Facts.*

A. The appellants' chain of title.

In 1922, Walter J. Harvey acquired the 160-acre parcel that is the subject of this suit. In 1936, he conveyed the property by deed to his wife, Mary Catherine Harvey. Mary Catherine Harvey did not pay the real estate taxes on the property for the year 1938; nor did she or her devisees, who are the appellants, ever pay any taxes on the property after that date. In 1939, the Clark County Tax Receiver published a notice of sale for delinquent taxes, pursuant to NCL § 6447 (cf. NRS 361.570). In 1941, after the expiration of the 2-year redemption period, the Tax Receiver executed a tax deed conveying the property to the County Treasurer, W. B. Mundy, pursuant to NCL § 6449, 8042 (cf. NRS 361.585). Mary Catherine Harvey died on June 9, 1950, in Santa Monica, California. She had willed

her estate to the appellants, who never probated the will because there were no known assets of the decedent. Appellants first knew of the property when respondents filed this quiet-title action in 1967. Appellants now claim ownership as the heirs of Mary Catherine Harvey and have offered to reimburse respondents, who have been in possession of the property since 1961, for the taxes the respondents have paid the County since that time.

B. The respondents' chain of title.

On July 12, 1960, a quitclaim deed dated *November 26, 1938*, 22 years earlier, bearing the acknowledgment of Mary Catherine Harvey and quitclaiming her interest in the property to John L. Bissell,[1] was recorded. The acknowledgment of the deed was taken by Wilbert Weatherwax.[2] On August 5, 1960, the Treasurer of Clark County, for the sum of $151.05, the amount of the delinquent taxes, reconveyed the property to "John L. Bissell." The deed of reconveyance was mailed to the law firm of Hawkins, Cannon & Kelly in Las Vegas. Several days earlier, on July 22, John E. Kelly, then a member of that firm, forged and notarized a deed of the property, conveying it from Bissell to a Michael M. Cermak. The Bissell-to-Cermak deed was also recorded on August 5, 1960—7 minutes after recordation of the County's deed of reconveyance to Bissell. Cermak deeded the property on August 8, 1960, to Norveg Development Company, a Nevada corporation.[3] On March 14, 1961, Norveg conveyed the west half of the property to respondent Robert J. Lewis for the sum of $27,850, and on May 11, 1961, Norveg conveyed the east half to Lewis for the sum of $29,500. Kansas City Title Insurance Company of Las Vegas insured titles in Lewis for the amount of the purchase price received. Lewis and respondent College Development Company hold title to the east half of the property; Lewis and respondent Sunrise Development Company hold title to the west half of the property. Lewis and the two corporations commenced, in the district court on January 23, 1967, this action to quiet title. The appellants answered the complaint on April 14, 1967, and counterclaimed, seeking title to the property on the ground that they are the heirs under the will of Mary Catherine Harvey.

---

[1]John L. Bissell, although bearing the family name of the appellants, was a fictitious person.

[2]At the time of his death in April 1959, Mr. Weatherwax was a suspended member of the state bar of California.

[3]The stock was wholly owned by Kelly and Cermak.

## 2. *The Statute of Limitations.*

NRS 11.070 provides:

"No cause of action or defense to an action, founded upon the title to real property, or to rents or to services out of the same, shall be effectual, unless it appear that the person prosecuting the action or making the defense, or under whose title the action is prosecuted or the defense is made, or the ancestor, predecessor, or grantor of such person, was seized or possessed of the premises in question within 5 years before the committing of the act in respect to which said action is prosecuted or defense made."

It is respondents' position that appellants are barred from asserting a claim to the property by the 5-year statute. We agree. In respondents' brief and in oral argument, counsel has taken the position that the territorial Legislature, when initially enacting the original predecessor of NRS 11.070, in 1861, adopted the wording "commencement of the action," rather than "committing the act." At the time of oral argument, counsel for respondents offered without objection a transparency of the first enrolled bill. In that copy the words "commencement of the action" are used. Counsel failed to add, however, that in 1867 the Legislature expressly amended the act to read in its present form. But in the instant case, it is immaterial whether the 5 years ran before the "committing of the act"[4] or the "commencement of the action," for the reason that any remaining possessory or seisin rights Mary Catherine Harvey had in the property terminated September 11, 1944—3 years from the date the property was conveyed to the County for delinquent taxes.

In the case of Pender v. Clark County, 71 Nev. 47, 279 P.2d 659 (1955), this court held that the failure of an owner to exercise his right to redeem within the 2-year redemption period under NRS 361.570 precluded his attack on the title of the County. We there stated that the equitable right that the owner had during the redemption period vanished by operation of law and that likewise by operation of law legal title vested immediately in the County. See also DeBaca v. Perea, 200 P.2d 715 (N.M. 1948); Margaritell v. Caldwell Township, 156 A.2d 46 (N.J.App. 1959); Ritzinger v. Commissioners of Delaware County, 195 A.2d 154 (Pa.App. 1963); Resweber v.

---

[4]Counsel have not argued the point; however, it would appear that "the act" in this case that, according to respondents' theory, interrupted their chain of title from Harvey was the recordation in 1960 of the admittedly forged Harvey-Bissell deed.

Jacob, 125 So.2d 241 (La.App. 1960); Jonke v. Rubin, 162 N.E.2d 116 (Ohio 1959).

In County of Clark v. Roosevelt Title Ins. Co., 80 Nev. 530, 396 P.2d 844 (1964), we ruled that any interest that a property owner has upon the issuance of a tax deed *to* the County is absolutely terminated upon the expiration of the 3-year limitation period provided in NRS 361.600.[5]

Since Mary Catherine Harvey failed to exercise both (a) her right of redemption during the 2-year redemption period and (b) any right to compel reconveyance during the subsequent 3-year period provided in NRS 361.600, any interest she had in the property absolutely terminated before her death. Therefore, appellants are now precluded from asserting any right in the property.

We wish not to be understood as condoning in any manner the chicanery of Mr. Kelly, who perpetrated the fraud in the instant case. It is conceded that, when Lewis took title to the property he had no knowledge of the fraud and that he was a bona fide purchaser for value of the property.

We affirm the order of the district court granting summary judgment.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.

———

[5]NRS 361.600:

"No action or counterclaim for the recovery of lands sold for taxes shall lie unless the same be brought or interposed within 3 years after the execution and delivery of the deed therefor by the county treasurer, any law to the contrary notwithstanding."

It is true that in 1957 the Legislature added subsection 3 to NRS 361.585, thereby extending the right to compel reconveyance at any time prior to public sale. In Roosevelt, it was held that the new subsection may not be applied retroactively.