CLARK COUNTY, NEVADA, CLARK COUNTY COMMISSION, L. F. LaPORTA, D. LAMB, R. T. BASKIN, J. G. RYAN AND W. BRIARE, AS COMMISSIONERS THEREOF, WILLIAM W. GALLOWAY, TREASURER AND TAX COLLECTER OF CLARK COUNTY, NEVADA, AND JAMES BILBRAY, ASSESSOR OF CLARK COUNTY, NEVADA, APPELLANTS, v. ROBERT J. LEWIS, TRUSTEE, AND SUNRISE MOUNTAIN DEVELOPMENT COMPANY, A NEVADA CORPORATION, A JOINT VENTURE, AND ROBERT J. LEWIS, TRUSTEE, AND COLLEGE DEVELOPMENT CO., A NEVADA CORPORATION, A JOINT VENTURE, RESPONDENTS, MELVILLE R. BISSELL, JR., AKA MELVILLE BISSELL, MELVILLE R. BISSELL, HARVEY S. BISSELL, SABRA McKAY CLARK, DOROTHY McKAY SCULLY, JOHN D. BISSELL, CLARA O. BISSELL, MELVILLE BISSELL, III, WADSWORTH BISSELL, CHARLES BISSELL, AND CARL L. REED, SPECIAL ADMINISTRATOR OF THE ESTATE OF MARY CATHERINE HARVEY, AKA MAY C. HARVEY, AMICUS CURIAE.

No. 6733

June 20, 1972                                    498 P.2d 363

*Roy A. Woofter,* District Attorney, and *George F. Ogilvie,* Deputy District Attorney, Clark County, for Appellants.

*Beckley, DeLanoy & Jemison,* of Las Vegas, for Respondents.

*Foley Brothers,* of Las Vegas, for Amicus Curiae.

## OPINION

By the Court, ZENOFF, C. J.:

This appeal is the aftermath of Bissell v. College Development Co., 86 Nev. 404, 469 P.2d 705 (1970), to which reference is made for a more detailed history of the facts supportive of this litigation. In the present proceedings it is sufficient to note that prior to 1941 Mary Harvey was the owner of

the property herein involved. She lost the property to Clark County for default of tax payments on September 11, 1941. John Bissell paid the taxes, interests and costs for which he received a deed of reconveyance from the county on August 5, 1960. On July 12, 1960 Bissell recorded a quitclaim deed bearing Mary Harvey's signature. Through a series of mesne conveyances the respondents became title owners of the property and they and their predecessors paid the property taxes for the period of 1960 through 1966 and have been in continuous possession of the property. Respondents brought an action to quiet title in themselves in order to render their title more certain. That action was commenced May 9, 1967.

On May 16, 1967 the Clark County District Attorney stipulated in writing with respondents that judgment be entered for respondents and judgment was so entered. On July 15, 1970, three years later, appellants moved to set aside that judgment on the ground that there had been no jurisdiction over the county, whereupon on December 10, 1970 for the cash payment of $3,000 to the county, the county stipulated to withdraw with prejudice the motion to set aside the judgment. Within the stipulation was an express acknowledgment of the validity of the May 16 judgment. A second judgment was entered on the later stipulation.

Thereafter, the county moved to rescind the authorization for the $3,000 settlement because it appears that the property had an appraised value as of December 12, 1970 of $357,000 of which the commissioners claimed they were not aware. The county's motion sought under NRCP 60(b) to set aside the judgments of May 16, 1967 and December 11, 1970 for the reason that the said judgments were improperly authorized and in effect made an unwarranted gift of public monies to private individuals.

The trial court denied the motion on the ground that no showing was made that the judgments were void, that they were entered pursuant to the written consent of the parties, and that there was no evidence of fraud, concealment, mistake, bad faith, misrepresentation or other misconduct that would vitiate the judgments. The county appeals.

1. The parties concede and we concur that the county as a political subdivision has the power to compromise disputed claims or causes of action brought against it. Since NRS 244.165 allows the board of county commissioners to control the prosecution or defense of all suits to which the county is a

party, such right to sue or be sued necessarily carries with it the right to compromise and settle disputed or doubtful claims. Washburn County v. Thompson, 75 N.W. 309, 311 (Wis. 1898); Franklin County v. Carstens, 122 P. 999, 1001 (Wash. 1912); Whitson v. City of Long Beach, 19 Cal.Rptr. 668, 680 (Cal.App. 1962).

2. Principally the issue is, are the two consent judgments voidable under NRCP 60(b).[1] Certain commissioners claim to have been without knowledge of the true value of the property, and seek therefore to be relieved from the judgments on the ground that their body made a gift of county property which it had no right to do. Nev. Const. art. 8, § 9.

The first consent judgment was beyond the six months purview requirement of NRCP 60(b) and can therefore only be considered on the ground that it is void, but the second can be reviewed under the general provisions of Rule 60. While it is accurate to state that a consent decree can be attacked for fraud or violation of some law or public policy, Lane v. Sumner County, 298 S.W.2d 708 (Tenn. 1957), the transaction here bears none of the earmarks attendant to the making of a gift. It was an arms-length transaction, replete with litigious questions that might well have kept the county occupied for years and with questionable results to the county. All facts, figures and necessary information were available at the commissioners' deliberations. U.S. Auto Radiator Co. v. Meyers, 232 N.Y.S. 96 (N.Y. 1962). In the absence of bad faith or

---

[1]NRCP 60(b) reads: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud, misrepresentation or other misconduct of an adverse party which would have therefore justified a court in sustaining a collateral attack upon the judgment; (3) the judgment is void; or, (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that an injunction should have prospective application. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than six months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

fraud, which the county did not assert and the trial court found none, we will not disturb their original conclusions.

Affirmed.

BATJER, THOMPSON, and GUNDERSON, JJ., and WILKES, D. J., concur.