MELVILLE R. BISSELL, Jr., AKA MELVILLE BISSELL AND MELVILLE R. BISSELL; HARVEY S. BISSELL, SABRA McCAY CLARK; DOROTHY McCAY SCULLY, JOHN D. BISSELL, CLARA O. BISSELL, MELVILLE BISSELL, III; WADSWORTH BISSELL, CHARLES BISSELL AND CARL L. REED, SPECIAL ADMINISTRATOR OF THE ESTATE OF MARY CATHERINE HARVEY, AKA MAY C. HARVEY, APPELLANTS, v. COLLEGE DEVELOPMENT CO., A NEVADA CORPORATION; AND ROBERT J. LEWIS, TRUSTEE, A JOINT VENTURE; SUNRISE MOUNTAIN DEVELOPMENT COMPANY, A NEVADA COTPORATION, AND ROBERT J. LEWIS, INDIVIDUALLY; KANSAS CITY TITLE INSURANCE COMPANY, MICHAEL M. CERMAK, JOHN E. KELLY, NORVEG DEVELOPMENT CORPORATION, A NEVADA CORPORATION; AND CHICAGO TITLE INSURANCE COMPANY, RESPONDENTS.

No. 7276

December 19, 1973                    517 P.2d 185

[Rehearing denied January 14, 1974]

*Foley Brothers,* of Las Vegas, for Appellants.

*Beckley, DeLanoy & Jemison, Chartered,* and *George Rudiak, Chartered,* of Las Vegas, for Respondents.

## OPINION

By the Court, ZENOFF, J.:

This appeal must be considered with Bissell v. College Development Co., 86 Nev. 404, 469 P.2d 705 (1970), and Clark County v. Lewis, 88 Nev. 354, 498 P.2d 363 (1972), as well as County of Clark v. Roosevelt Title Ins., 80 Nev. 530, 396 P.2d 844 (1964). Taken together they reflect a long history of combat over title to 160 acres of realty in Clark County. Originally of very little value, the property is now typical of the higher values prevailing in that area.

The adversaries are the heirs of Mary Catherine Harvey, appellants, and the present title owner, Robert J. Lewis, who holds one half with College Development Co., and the other half with Sunrise Mountain Development Co., respondents.

When Mary Harvey died in 1950 she willed her estate to the present appellants. The estate had no assets. Six years prior to

her death she had lost her property to Clark County for non-payment of property taxes. The default had occurred in 1938 and she failed to redeem within 5 years. NCL 6447 (cf. NRS 361.570); NCL 6449, 8042 (cf. NRS 361.585); Pender v. Clark County, 71 Nev. 47, 279 P.2d 659 (1955); Bissell v. College Development Co., supra. In 1960, 16 years after Mary Harvey's redemption period expired, a quitclaim deed to the property signed by her and dated November 26, 1938 conveying the property to John L. Bissell appeared on the scene. Ultimately it was learned that her signature was forged and that there was no John L. Bissell. However, on July 12, 1960 that deed was presented to the treasurer of Clark County who upon payment of the taxes and other accrued charges issued a tax deed to Bissell.[1] The tax deed from the treasurer to Bissell was dated August 5, 1960. At that time the heirs of Mary Harvey had no knowledge of these transactions.

Several transfers took place of record in the chain of title. The respondents came into ownership and possession in good faith and without knowledge of the early falsification. When information did reach them of the possible deficiency of the title they initiated a quiet title action which culminated in Bissell v. College Development Co., supra. Foreclosed from that action the Harvey heirs brought this current litigation alleging that the respondents conspired to withhold information of the possible forgery from the heirs. Specifically, the appellants' amended complaint sought damages for a conspiracy to fraudulently conceal the fact that the deed to the real property from Mary Harvey to John L. Bissell was a forgery thereby preventing the heirs from taking action to quiet title in themselves before the limitations period had run in favor of respondents. Their supplemental complaint seeks to quiet title to the property in the heirs on the ground that they are entitled to the benefits of the redemption and reconveyance obtained by the alleged forger. The several issues presented in this appeal resolve into one, namely whether res judicata bars any further litigation over the title to the property. Our ruling is that res judicata applies and therefore it becomes unnecessary to discuss other raised issues.

1. In Bissell v. College Development Co., supra, we settled the rights of the heirs when we ruled that Mary Harvey had no remaining interest in this property because her rights terminated several years before her death. Her heirs could take no more than she could convey by will. Since fraud is "an

---

[1] For a more detailed statement of the intricate facts surrounding this case see Bissell v. College Development Co., supra.

intentional perversion of truth for the purpose of inducing another appellants may not maintain an action based on this tort allegation. In light of our decision in Bissell v. College Development Co., supra, appellants could not part with anything of value or surrender a legal right in this property. See Rector v. Paterson Extension Ry. Co., 49 A. 1030, 1032 (N.J. Ct. Err. & App. 1901), citing 1 Enc. Law & Proc. p. 677.

2. A judgment on the merits by a proper court will operate to bar every matter offered and received to sustain or defeat the claim and every other matter which might with propriety have been litigated and determined in that action in subsequent litigation between the parties or their privies involving identical causes of action. The test of a cause of action for res judicata purposes is the identity of facts essential to maintain the two suits; if the facts show only one right of the plaintiff and one wrong by the defendant involving that right there is only one cause of action. Tomiyasu v. Golden, 81 Nev. 140, 400 P.2d 415 (1965).

The one right that is the subject of the action here is the interest in the disputed property. All of the claims alleged by the heirs derive from a claimed interest in that property. Tagging the facts with the label of conspiracy does not alter the thrust of the lawsuit. Fitzharris v. Phillips, 74 Nev. 371, 333 P.2d 721 (1958).

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.