KAY FERRARA, Executrix of the Estate of Frank N. Ferrara, Deceased, Appellant, *v.* HELEN R. FIR-SCHING and ALFRED S. HOWES, Ancillary Executrix and Executor of the Estate of Robert A. Firsching, Deceased, Respondents.

No. 7927

January 23, 1976          544 P.2d 1198

*Gabe Hoffenberg,* of Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy & Jemison, Chartered,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

The district court granted summary judgment to the Estate of Firsching in this action for an accounting commenced by the Estate of Ferrara. Since we do not perceive a genuine issue as to any material fact, we affirm.

Frank N. Ferrara and Robert A. Firsching are deceased, and this litigation between the personal representatives of their estates concerns a written agreement made between them on June 19, 1963. That agreement was with regard to two parcels of real property in Nye County and provided that "in consideration of a waiver of any and all commissions by Ferrara Realty, and other services, Robert A. Firsching, purchaser and owner of above, agrees to pay one half of all net profit to Frank Ferrara."

1. The record before the district court, for all practical purposes, contains the requested accounting and reveals that Parcel 1, approximately 80 acres of land in Nye County, was, by Firsching, purchased for $12,000 and has not been sold; and, that Parcel 2, known as the Dollar Ranch in Pahrump Valley, Nye County, cost Firsching $135,000 and has produced only $85,000 from sales, or attempted sales thereof.

Since neither Firsching, during his lifetime, nor his estate since his death, has realized a net profit from either parcel, the district court ruled that the Firsching Estate is not presently indebted to the Ferrara Estate.

2. The complaint below also requested the court to impose an equitable lien upon the land to insure payment of one half of the net profit when realized.

There is nothing in the June 19, 1963, agreement between Ferrara and Firsching suggesting an intention to create a security interest giving rise to an equitable lien in Ferrara. Consequently, the district court properly denied that requested relief. Werner v. Mormon, 85 Nev. 662, 462 P.2d 42 (1969); Commercial Credit Corp. v. Matthews, 77 Nev. 377, 365 P.2d

303 (1961); Union Indemnity Co. v. Drumm, 57 Nev. 242, 62 P.2d 698 (1936).

Affirmed.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.