IN THE MATTER OF THE ESTATE OF ROBERT A. FIRSCHING, DECEASED.

HELEN R. FIRSCHING AND ALFRED S. HOWES, ANCILLARY EXECUTORS OF THE ESTATE OF ROBERT A. FIRSCHING, DECEASED; ALFRED S. HOWES, TRUSTEE UNDER THE TESTAMENTARY TRUST OF THE WILL OF ROBERT A. FIRSCHING, DECEASED; HELEN R. FIRSCHING, BENEFICIARY UNDER THE TESTAMENTARY TRUST OF THE WILL OF ROBERT A. FIRSCHING, DECEASED, APPELLANTS, *v.* KAY FERRARA, EXECUTRIX OF THE ESTATE OF FRANK N. FERRARA, DECEASED, RESPONDENT.

No. 8899

May 15, 1978                                           578 P.2d 321

[Rehearing denied June 13, 1978]

*Beckley, Singleton, DeLanoy, Jemison & Reid, Chartered,* Las Vegas, for Appellants.

*Gabe Hoffenberg,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This litigation between the personal representatives of Robert A. Firsching and Frank N. Ferrara, both deceased, involves a written agreement entered into by the deceased parties on June 19, 1963. That agreement concerned two parcels of real property in Nye County and, after reciting the legal description of the property, provided: "In consideration of a waiver of any and all commissions by Ferrara Realty, and other services, Robert A. Firsching purchaser and owner of above agrees to pay one half of all net profit to Frank Ferrara of Ferrara Realty."

Although no profits had yet been realized, Ferrara's Estate filed a creditor's claim in the Firsching Estate proceedings on April 5, 1971, seeking an accounting of profits. That claim was rejected and Ferrara's Estate subsequently brought an action for an accounting and judgment in the amount determined to be due or, alternatively, for a constructive trust or equitable lien to be placed upon the property in the amount determined to be due. The Firsching Estate moved for summary judgment. The district court ordered partial summary judgment, but stated:

It would be simple to hold that Plaintiff's [Ferrara's Estate's] suit was not yet ripe and grant Defendants [Firsching's Estate] Motion for Summary Judgment without qualification but this may frustrate the filing and determination of claims under the procedure for administration of estates.

The Motion for Summary Judgment is granted save and except Plaintiff is granted leave to file an amended complaint on or before September 9, 1974, if Plaintiff's research and review show a valid cause of action for declaratory judgment so Plaintiff's cause may be pursued if and when it becomes ripe. A contingent claim is contemplated in Estate proceedings.

The Ferrara Estate failed to file an amended complaint, summary judgment was granted, and the cause of action dismissed with prejudice. The judgment was appealed and affirmed by this court on January 23, 1976. *See* Ferrara v. Firsching, 92 Nev. 38, 544 P.2d 1198 (1976).

However, before that decision was filed, the Ferrara Estate commenced the present action by filing an objection to the Firsching Estate's petition for final settlement and distribution, contending it had a contingent claim for which allowance should be made pursuant to NRS 150.250.[1] The district court denied final settlement and distribution as to the real property which was the subject of the Ferrara-Firsching agreement and ordered it sequestered as security for the Ferrara Estate's contingent claim. The Firsching Estate has appealed that order contending the doctrine of *res judicata* bars the Ferarra Estate from relitigating its claim to profits from the subject property. We agree.

In Bissell v. College Development Co., 89 Nev. 558, 561, 517 P.2d 185, 187 (1973), we addressed the doctrine of *res judicata* and stated:

A judgment on the merits by a proper court will operate to bar every matter offered and received to sustain or defeat the claim and every other matter which might with propriety have been litigated and determined in that action in subsequent litigation between the parties or their privies involving identical causes of action. The test of a cause of

[1]NRS 150.250 provides, in pertinent part:

"1. If there is any claim not due, or any contingent or disputed claims against the estate, the amount thereof, or such part of the same as the holder would be entitled to if the claim were due, established or absolute, must be paid into court, and there remain, to be paid over to the holder when he becomes entitled thereto; or, if he fails to establish his claim, to be paid over or distributed as the circumstances of the estate require."

action for res judicata purposes is the identity of facts essential to maintain the two suits; if the facts show only one right of the plaintiff and one wrong by the defendant involving that right there is only one cause of action.

Here, both the former and present suits are predicated upon the parties' interest in and right to profits from the subject property. Manifestly, the facts essential to the maintenance of both suits are identical; therefore, both suits involve but one cause of action and, accordingly, the final judgment on the merits in the former suit bars subsequent litigation involving any matter which was or might, with propriety, have been litigated therein. *See* Bissell v. College Development Co., cited above; Tomiyasu v. Golden, 81 Nev. 140, 400 P.2d 415 (1965); Reno Club v. Harrah et al., 70 Nev. 125, 260 P.2d 304 (1953). As the district court in the former suit accurately perceived, the Ferrara Estate's contingent claim, cognizable under NRS 150.250, was one which should have been tendered in the former suit and the Estate, having failed to do so, it barred from litigating this matter in the present suit. *See* Olson v. Iacometti, 91 Nev. 241, 533 P.2d 1360 (1975); Reno Club v. Harrah et al., cited above.

The district court order is reversed and the case remanded for proceedings consistent with this opinion.