REGENT INTERNATIONAL, A NEVADA CORPORATION, APPELLANT, *v.* MOYA OLSEN LEAR, EXECUTOR OF THE ESTATE OF WILLIAM POWELL LEAR, AKA WILLIAM LEAR, W. P. LEAR AND BILL LEAR, DECEASED, RESPONDENT.

No. 11808

December 28, 1981                    637 P.2d 1207

---

[1] *See, e.g.,* Kukla v. Nat'l Distillers Prod. Co., 483 F.2d 619 (6th Cir. 1973); Hastings v. Matlock, 166 Cal.Rptr. 229 (Cal.App. 1980).

[2] The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const. art. 6, § 19; SCR 10.

[Rehearing denied March 15, 1982]

*Morse-Foley,* Las Vegas, for Appellant.

*Hill, Cassas, deLipkau & Erwin,* Reno, for Respondent.

## OPINION

*Per Curiam:*

The lower court entered an order on December 6, 1978, which confirmed the sale of approximately 1800 (eighteen hundred) acres of real property by the William Lear Estate to appellant. The sale was made pursuant to a purchase agreement duly executed by the parties which provided that escrow would close on or before December 29, 1978. The sales agreement also provided for a preliminary title report and appellant-buyer was given ten days within which to object to any defects

appearing on the report. Listed on the preliminary title report was the following: "65. The effect of an instrument entitled 'Notice of Agreement of Sale' which was recorded October 27, 1978, executed by Incline Enterprises, Inc., and affected 'A portion of said land' ". Item 65 was an agreement between Lear and Incline Enterprises (henceforth to be referred to as the Lear-Incline agreement) which created certain undefined easements over the land which is the subject of this cause of action.

The agreement between Regent and Lear was confirmed by the lower court on December 6, 1978. On February 26, 1979, Lear filed a motion to vacate the order confirming the sale pursuant to NRS 148.300, alleging that Regent had failed to tender the purchase price pursuant to the agreement. Regent's answer to the motion to vacate alleged only that there had been a delay in the financing of the purchase. No allegation of defect in the title was made until the hearing on the motion on April 6, 1979, more than three months after the agreed time for closing of escrow.

Regent alleged that the undefined nature of the easements granted to Incline Enterprises, Inc. in the Lear-Incline agreement, resulted in the inability of Lear to transfer marketable title and excused Regent from its failure to deposit the purchase price in a timely manner. The lower court found that the purchase agreement exempted easements from any warranties, vacated the confirmation order, and found that a liquidated damages provision in the contract required that in the event of breach, the earnest money deposit of $250,000 was to be forfeited and granted to the estate. Upon request of Regent, the order was not effective for thirty (30) days to allow Regent to cure the breach by depositing the purchase price. When Regent failed to make the required tender, the court's previous order was put into effect on May 8, 1979.

Easements of a "floating" and undefined nature are not covered by easement exceptions in a purchase agreement when the location of said easements is left to further determination of the parties. Mrs. E. B. Smith Realty Company v. Hubbard, 204 S.E.2d 366 (Ga.App. 1974); Culligan v. Leider, 149 P.2d 894 (Cal.App. 1944).

The evidence was overwhelming that the easements granted to Incline over the subject property were extensive and undefined and that the location of the easements was left to further determination by the Lear-Incline agreement. Therefore, we

hold that, as a matter of law, "easements" of this type are encumbrances which do not come within an easement exemption such as that contained in the agreement at issue here.[1]

However, the fact that there may have been an encumbrance on the title does not excuse the appellant's failure to perform, when, as here, the contract specifies precisely the manner in which objections to alleged defects were to be made. Appellant failed to object, in the agreed manner, to the encumbrance which appeared as Item 65 in the preliminary title report. Although the purchase agreement did not require written objection, appellant failed to include this item in objections (not at issue on appeal) which were made to the report and significantly failed to mention the alleged defect in its answer to respondent's motion to vacate the confirmation. In fact, counsel for appellant alleged in his supporting affidavit filed March 8, 1979, that the reason for non-performance was a delay in the financing of the project and no mention was made of any failure on respondent's part to tender marketable title. This agreement contained no conditions as to financing; cash was required. Under a sales agreement which specifies the manner in which objections to title are to be made, proper objections must be made within a reasonable time in order to afford the seller an opportunity to cure within the time allowed for full performance of the contract. John v. Timm, 190 N.W. 890 (Minn. 1922); Lieber v. Nicholson, 206 S.W. 512 (Tex.App. 1918); Sage Land and Improvement Co. v. McCowen, 157 P. 244 (Cal.App. 1916).

Finally, appellant contends that forfeiture of the earnest money deposit, as liquidated damages, is inappropriate in a probate proceeding vacating a confirmed sale. We agree. *See* In Re Williamson's Estate, 310 P.2d 77 (Cal.App. 1957). Respondent concedes that NRS 148.300[2] is applicable to the

---

[1]The purchase agreement provided in part:

Vendors warrant and represent that they hold and will convey to Purchaser by Grant, Bargain and Sale Deed title to the land, free and clear of all liens and encumbrances, save and except . . .

(c) Rights of way and easements both of record and not of record.

[2]NRS 148.300 provides as follows:

If, after the confirmation, the purchaser neglects or refuses to comply with the terms of the sale, the court, on motion of the executor or administrator, and after notice to the purchaser, may vacate the order of confirmation and order a resale of the property. If the amount realized on such resale does not cover the bid and expenses of the previous sale, such purchaser is liable to the estate for the deficiency.

instant proceeding but argues that the estate's losses due to the failure to consummate the sale exceed the amount of the earnest money deposit. As the trial court did not apply NRS 148.300, there has been no evidence adduced or findings made as to the deficiency to be assessed under the statute. When the court finds that there has been neglect or refusal to perform by a purchaser in a sale subject to NRS 148.300, the lower court may properly order the earnest money deposit held by the executor until resale and determination of the statutory deficiency. However, forfeiture without the aforementioned determination is error. *In Re Williamson, id.*

Therefore, that part of the order vacating the confirmation of sale of the property is affirmed. That part of the lower court's order which grants to the estate the entire earnest money deposit is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

GUNDERSON, C. J., and MANOUKIAN and SPRINGER, JJ., and ZENOFF, Sr. J.,[3] and McDANIEL, D. J.,[4] concur.