John Patrick McGUIRE, Plaintiff,

v.

Moya Olsen LEAR, Individually and as executrix of the Estate of William Powell Lear; the Estate of William Powell Lear; Earl M. Hill, individually and as a partner in the firm of Hill, Cassas, Delipkau & Irwin; Frank Cassas, individually and as a partner in the firm of Hill, Cassas, Delipkau & Irwin; Hill, Cassas, Delipkau & Irwin, a law firm; Milton Weilenman, individually and as a trustee of the Estate of William Powell Lear; Stewart Title Company of Nevada, a title company doing business in the State of Nevada; and Does 1 through 20, inclusive, Defendants.

CV–R–83–265–ECR.

United States District Court, D. Nevada.

Feb. 25, 1985.

John Patrick McGuire, in pro. per.

Thomas R.C. Wilson, Reno, Nev., for all defendants except Milton Weilenman and Stewart Title.

Steve Lane, Reno, Nev., for Stewart Title.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Both sides presented matters outside the pleading in connection with the defendants' motion to dismiss. The Court elected to treat the motion as one for summary judgment, and provided an opportunity for the parties to submit any additional materials made pertinent by Fed.R.Civ.P. 56.

The defendants contend that the doctrine of res judicata bars the instant action, because the issues raised by the plaintiff's complaint and proposed amended complaint were raised both in a Nevada district court and, on appeal, in the Nevada Supreme Court. The plaintiff's position is that the State district court was sitting as a probate court. He contends that such a court has limited jurisdiction and could not decide a claim for relief based on fraud, as is the ground for this federal court litigation.

The plaintiff entered into an agreement to buy certain real property, one of the owners of which was defendant Estate of William Powell Lear. A $250,000 earnest money deposit was made by the plaintiff. The State district court confirmed the agreement, but later vacated its confirmation when the plaintiff failed to tender the balance of the purchase price. It was the plaintiff's contention that his performance was excused because the defendants didn't have clear title to convey. A "notice of agreement of sale" between the defendants and another party (Incline Enterprises), as to a portion of the property, was noted on the preliminary title report. The defendants purportedly had promised to have this cloud on title removed, but failed to do so. The Nevada district court nevertheless ordered the earnest money deposit to be released to the defendants as liquidated damages, in accordance with the agreement between them and the plaintiff. That agreement provided for such action should the plaintiff fail timely to pay the balance of the purchase price. On appeal, the Nevada Supreme Court affirmed the lower court's order vacating the confirmation of the sale agreement, but remanded the case to the State district court to determine the amount of damages suffered by the defendants. *Regent Intern. v. Lear,* 97 Nev. 617, 637 P.2d 1207 (1981). The Supreme

Court held that the liquidated damages provision was unenforceable because a Nevada statute (NRS 148.300) was applicable under the circumstances. Subsequently, the plaintiff commenced the within action.

On remand, the State district court found that there had been an unjustified failure of performance by the plaintiff, resulting in damages to the defendants in the total sum of $15,110,199. Said Court then ordered that judgment be awarded to the defendants, not in that sum but, rather, in that sum less the $250,000 deposit with accrued interest. In other words, the plaintiff has been credited with the deposit. Judgment was entered January 3, 1985. The plaintiff has filed a notice of appeal from that judgment.

 In Nevada, probate matters are considered to be civil actions and subject to the laws and rules relating to civil cases. *Peters v. Peters*, 92 Nev. 687, 557 P.2d 713, 715 (1977); NRS 155.180. A court sitting in probate may exercise the full panoply of its equitable powers in a case where it has subject matter jurisdiction. *Diotallevi v. Sierra Development Co.*, 95 Nev. 164, 591 P.2d 270, 272 (1979). It is uncontroverted that the Nevada district court had subject matter jurisdiction re the sale of the property.

 NRCP 60(b) has been held applicable in probate matters. *A-Mark Coin Co., Inc. v. Redfield's Estate*, 94 Nev. 495, 582 P.2d 359, 361 (1978). Rule 60(b) contemplates the setting aside of a final judgment or order obtained by fraud or misrepresentation. *See also Abel v. Lowry*, 68 Nev. 284, 231 P.2d 191, 196 (1951) (a decree of distribution may be vacated by reason of fraud).

 Res judicata applies to probate cases. *Matter of Estate of Firsching*, 94 Nev. 252, 578 P.2d 321, 322 (1978). The effect of res judicata is explained as follows: "A judgment on the merits by a proper court will operate to bar every matter offered and received to sustain or defeat the claim and every other matter which might with propriety have been liti-gated and determined in that action in subsequent litigation between the parties or their privies involving identical causes of action." *Bissell v. College Development Co.*, 89 Nev. 558, 517 P.2d 185, 187 (1973). If the facts show only one right of the plaintiff and one wrong by the defendants involving that right, there is only one cause of action. *Ibid.* The thrust of the plaintiff's pleadings and arguments in the Nevada courts was that he was entitled to the return of his earnest money deposit. The same may be said for his position in the instant litigation. All the new issues the plaintiff seeks to raise here might have been litigated, with propriety, in the State courts. The Incline Enterprises "notice of agreement of sale" was known to the plaintiff in plenty of time to enable him to allege the same claims for relief he seeks to make now.

The adding of additional factual allegations here does not disprove the existence of the same material facts in both suits; nor does an attempt to add additional parties who allegedly contributed to the fraud (as the plaintiff has proposed to do via an amended complaint) violate the res judicata requirement of identity of parties. *See Tomiyasu v. Golden*, 81 Nev. 140, 400 P.2d 415, 417 (1965) (res judicata applied where first litigation was to set aside a foreclosure sale because of irregularities in that sale and second case was for damages based on fraud).

 The appeal by the plaintiff of the State district court's judgment after remand precludes application of the doctrine of res judicata at this time. If the Nevada Supreme Court affirms the lower court, then res judicata will bar the action herein. *See Misty Management Corp. v. First Judicial Dist. Ct.*, 83 Nev. 180, 426 P.2d 728, 729 (1967); *Budget Financial Corp. v. System Investment Corp.*, 89 Nev. 306, 511 P.2d 1047, 1047-8 (1973). On the other hand, if the State Supreme Court reverses, then there will be no final judgment to serve as a basis for invocation of the doctrine. *See Ornellas v. Oakley*, 618 F.2d 1351, 1356 (9th Cir.1980).

IT IS, THEREFORE, HEREBY OR-
DERED that the within action be STAYED
until determination of the appeal presently
pending before the Nevada Supreme Court.