REGENT INTERNATIONAL, Appellant, *v.* MOYA OLSEN LEAR, Executor of the Estate of WILLIAM POWELL LEAR, also known as W. P. LEAR and BILL LEAR, Deceased, Respondent.

No. 16389

February 12, 1987                732 P.2d 861

*Glade L. Hall,* Reno, for Appellant.

*McDonald, Carano, Wilson, Bergin, Frankovich & Hicks, William A. S. Magrath, II,* and *Valerie N. Strandell,* Reno, for Respondent.

## OPINION

*Per Curiam:*

In this appeal, we deal for the second time with the breach of a contract for the sale of a large tract of realty. Our previous opinion, Regent International v. Lear, 97 Nev. 617, 637 P.2d 1207 (1981), sets forth the facts with particularity. Briefly, Regent International (Regent) agreed to pay $24,000,000 for some 1800 acres of land, and paid $250,000 both as a deposit and as liquidated damages in the event of breach. Regent breached the agreement, and the trial court awarded liquidated damages. However, NRS 148.300 required that the court order a resale when it vacated its confirmation of the original sale; therefore, we held that mere forfeiture of liquidated damages was inappropriate, and remanded the matter for further proceedings.

The trial court found that a resale of the entire tract could not reasonably be accomplished; that finding is supported by the record and therefore must be upheld. NRCP 52(a). Therefore, the court calculated damages without resale. It found that the tract had a fair market value of $9,000,000 at the time of the breach, so that damages of $15,000,000 resulted. The court also awarded $110,199 in consequential damages; that award is not in dispute on appeal.

Regent now contends that it was improper to calculate damages as of the time of breach; Regent also asserts that property values have since risen to the extent that respondent actually stands to benefit from the breach. We note, however, that the breach of the sale contract occurred in 1979; it would be unfair, and clearly is not within the intent of NRS 148.300, to force an estate to wait indefinitely before damages may be awarded where a resale cannot reasonably be accomplished. Therefore, we hold that if a resale is not effectuated within a reasonable time despite diligent efforts, the court may award damages based on the market value of the property at the time of the breach. It follows that the trial court did not err in its approach to damages. However, at oral

argument respondent conceded that Regent is unable to satisfy a judgment for damages and that, accordingly, respondent considers the $250,000 earnest money deposit the only practical source of recovery for Regent's breach.

In recognition of respondent's willingness to accept the amount of Regent's deposit in satisfaction of her claim, thereby effectuating an expeditious recovery out of sums available without need for this court to review the correctness of the $15,000,000 damage award, we modify the judgment to reflect that damages shall total $250,000. In all other respects, the judgment is affirmed.[1]

GUNDERSON, C. J. and STEFFEN and YOUNG, JJ., and BRENNAN, D. J., concur.

---

[1]The Governor designated the Honorable James A. Brennan, Judge of the Eighth Judicial District Court, to sit in the place of THE HONORABLE CHARLES E. SPRINGER, Justice. Nev. Const., art. 6, § 4.

THE HONORABLE JOHN C. MOWBRAY, Justice, has voluntarily disqualified himself and took no part in the deliberation of this matter.