70 F.3d 1277
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth Don BARRETT, Jr. Plaintiff-Appellant,
v.
John MORAN et al., Defendants-Appellees.
 No. 93-17365.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 14, 1995.
Decided Nov. 27, 1995.
 
 1
 Before: SCHROEDER and ALARCON, Circuit Judges, and PANNER,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Kenneth Don Barrett, Jr., a Nevada state prisoner, appeals from the district court's order granting summary judgment in favor of the defendants, Sheriff John Moran and police officers French, Courtney, Kissick and John Does, 1-5, of the Las Vegas Metropolitan Police Department (jointly "police department") in this 42 U.S.C. Sec. 1983 action. Barrett seeks reversal on the grounds that the district court erred by holding that (1) his claim to the $6,052 in cash was barred by the doctrine of res judicata; and (2) his claim to approximately $4,000 worth of property was barred by the statute of limitations. We affirm.
 
 I.
 
 4
 On or about September 27, 1985, an armored vehicle owned by Loomis Armored, Inc. ("Loomis") was robbed in Las Vegas, Nevada. Shortly thereafter, Barrett was arrested in Arizona and charged with the Loomis robbery. After his arrest, the FBI seized certain items of Barrett's property, including $6,052 in cash, pursuant to a warrant. The FBI apparently handed over some or all of Barrett's property, including the cash, to the Las Vegas Metropolitan Police Department. Barrett was subsequently tried and convicted of the robbery.
 
 
 5
 On January 26, 1987, Barrett filed a motion in the criminal proceedings for the return of his personal property. The state court denied Barrett's motion as premature because the property might be needed in future court proceedings should Barrett's appeal prove successful. On December 15, 1989, after Barrett's conviction was affirmed on appeal, Barrett's counsel renewed his motion for release of his personal property. On January 26, 1990, the state court ordered the police department to return the property in its custody "which is not contraband nor stolen property and which can be verified as belonging to [Barrett]." A copy of this order was received by the police department on February 7, 1990. To date, the police department has not complied with the state court's order.
 
 
 6
 On April 13, 1990, Barrett filed a "motion for a court order," directing the police department to produce a copy of all inventory lists of the property seized from him. In his motion, Barrett asserted that his attorney spoke "with [his] Mother and informed her that [Barrett's] property was destroyed."
 
 
 7
 On March 22, 1991, the police department filed a complaint for interpleader and declaratory relief in state court against Barrett and Loomis, seeking to have the court decide who was entitled to the $6,052 that was seized from Barrett. The police department alleged that it was holding certain items of Barrett's personal property, including the $6,052, "pursuant to [police department] policy." The complaint further stated that Barrett had obtained a state court order for the return of his property, including the $6,052, but that Loomis also claimed a right to recover any funds seized from Barrett because Barrett had robbed Loomis of $19,218. On May 28, 1991, Barrett filed a response to the police department's complaint contending that the $6,052 belonged to him and that the state court should honor the order he had previously obtained for the return of his property. In September 1991, the state court issued orders granting the police department's motion to deposit the $6,052 into the court, discharging the police department from the action, and granting Loomis's motion for summary judgment, entitling it to recovery of the $6,052.
 
 
 8
 On October 9, 1992, Barrett filed this section 1983 complaint in the United States District Court for the District of Nevada, alleging that the police department violated his right to due process when it deprived him of the $6,052 in cash and approximately $4,000 worth of property without providing him with any notice or compensation. On April 27, 1993, the police department filed a motion for summary judgment, arguing that Barrett's claim to the $6,052 was barred by res judicata and that his claim to the other property was barred by the statute of limitations. For purposes of the motion, the police department assumed that Barrett's property was in their possession and was destroyed. In granting summary judgment in favor of the police department, the district court ruled that Barrett's claim to the $6,052 was barred by res judicata and his claim to the $4,000 worth of property was not timely filed.
 
 II.
 
 9
 Barrett contends that the district court erred in applying the doctrine of res judicata. We review de novo a district court's grant of summary judgment on res judicata grounds. Int'l Union of Operating Engineers-Employers Const. Indus. Pension, Welfare & Training Trust Funds v. Karr, 994 F.2d 1426, 1429 (9th Cir.1993).
 
 
 10
 "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Under Nevada state law, a claim is barred by the doctrine of res judicata if: (1) there is a judgment on the merits by a proper court; (2) the judgment concerns the same parties or their privies; and (3) the case involves the same cause of action. Firsching v. Ferrara, 578 P.2d 321, 322 (Nev.1978); Bissell v. College Dev. Co., 517 P.2d 185, 187 (Nev.1973). Where two suits are predicated upon the parties' interest in property, a final judgment on the merits in the first suit bars subsequent litigation involving any matter which was, or might have been, litigated in the first action. Firsching, 578 P.2d at 322.
 
 
 11
 In his section 1983 action, Barrett alleged that defendants deprived him of his property, including $6,052 in cash, in violation of due process. In the interpleader action, the Nevada state court determined that the $6,052 was not Barrett's property. Because the state court conclusively adjudicated Barrett's interest in the cash in the state court interpleader action, the district court held that Barrett's claim to the $6,052 was barred by the doctrine of res judicata.
 
 
 12
 Barrett contends that the doctrine of res judicata is inapplicable because he did not have an adequate opportunity to be heard in the state court proceeding. The doctrine of res judicata must "conform to the mandate of due process of law that no person be deprived of personal or property rights by a judgment without notice and an opportunity to be heard." Paradise Palms Community Assoc. v. Paradise Homes, 505 P.2d 596, 598 (Nev.) (internal citations omitted), cert. denied, 414 U.S. 865 (1973); Kremer v. Chemical Construction Corp., 456 U.S. 461, 481 (1982). Where application of res judicata is challenged for want of due process, we must examine the record of the prior proceedings to see whether the litigant whose rights were adjudicated was afforded notice and an opportunity to be heard. Hansberry v. Lee, 311 U.S. 32, 40 (1940).
 
 
 13
 The record shows that Barrett was afforded notice and a meaningful opportunity to be heard in the interpleader action. Barrett was served with a copy of the complaint for interpleader and injunctive relief. He filed a response to that complaint on May 28, 1991. Barrett also filed a document entitled "Response to Plaintiff's 16.1 Joint Case Conference Report" which was essentially an opposition to defendant Loomis's motion for summary judgment. In this document, Barrett set forth his version of the facts and the basis for his claim to the property, and requested that the state court deny Loomis's motion for summary judgment. Barrett also filed a motion for reconsideration of the state court's order granting Loomis's motion for summary judgment, in which he again set forth his version of the facts and the basis for his claim to the money. Because Barrett had adequate opportunity to be heard in the state court action, the district court's preclusion of Barrett's claim to the $6,052 complied with due process.
 
 
 14
 Barrett also contends that the district court erred in granting preclusive effect to the state court decision because the state court lacked jurisdiction over the interpleader action. Shaw v. Cal. Dept. of Alcoholic Beverage Control, 788 F.2d 600, 607 (9th Cir.1986) (a court must deny preclusive effect to a prior decision if the adjudicator lacked jurisdiction); see also, University of Nevada v. Tarkanian, 879 P.2d 1180, 1191 (Nev.1994) (res judicata preludes relitigation of a cause of action or issue determined by a court of competent jurisdiction). Barrett argues that the state court lacked jurisdiction over the interpleader action because the "matter in dispute was already subject to the jurisdiction and order" of the state criminal court, which had ordered the police department to return his property. We do not agree. In response to Barrett's motion for return of his property in the criminal proceedings, the state judge issued an order instructing the police department to return any of Barrett's property which was not contraband or stolen, and which could be verified as belonging to Barrett. The judge did not determine whether any of the property actually belonged to Barrett. The interpleader action, on the other hand, involved a dispute as to whether Barrett or Loomis was entitled to the $6,052 seized from Barrett. Because the matter in dispute in the interpleader action was not resolved by the order issued in response to Barrett's motion for return of his property, the state court did not err in asserting jurisdiction over the interpleader action. Accordingly, the district court did not err in precluding him from relitigating the question whether he was wrongfully deprived of the $6,052.
 
 III.
 
 15
 Barrett contends that the district court erred in ruling that his claims regarding the property seized by the FBI was barred by the statute of limitations. We review de novo the dismissal of an action as barred by the statute of limitations. Gerritsen v. Consulado General De Mexico, 989 F.2d 340, 343 (9th Cir.), cert. denied, 114 S.Ct. 95 (1993). When such determination "turns on what a reasonable person should know, a mixed question of law and fact is presented which we review for clear error." Id.
 
 
 16
 In section 1983 actions, federal courts must apply the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985). If there are multiple statutes of limitations for various types of personal injury claims, the residual statute of limitations for personal injury actions applies. Owens v. Okure, 488 U.S. 235, 236 (1989). In Nevada, the residual statute of limitations for personal injury actions is two years from the date the cause of action accrues. Nev.Rev.Stat. Sec. 11.190(4)(e); Perez v. Seevers, 869 F.2d 425, 426 (9th Cir.) (applying Nev.Rev.Stat. Sec. 11.190(4)(e) to plaintiff's section 1983 claims), cert. denied, 493 U.S. 860 (1989). Barrett's section 1983 complaint was received by the court clerk on October 9, 1992.[1] Therefore, Barrett's claims were timely filed only if they accrued on or after October 9, 1990.
 
 
 17
 Although the limitation period is determined by state law, federal law determines when a section 1983 action accrues and the statute of limitations begins to run. Norco Const., Inc. v. King County, 801 F.2d 1143, 1145 (9th Cir.1986). "A federal claim is generally considered to accrue when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.' " Id. (quoting Trotter v. Int'l Longshoremen's & Warehousemen's Union, 704 F.2d 1141, 1143 (9th Cir.1983)).
 
 
 18
 Under Nevada law, the police are required to retain all property taken on a warrant unless or until a court orders them to do otherwise. Nev.Rev.Stat. Sec. 179.105.[2] Because Barrett's property was seized pursuant to a search warrant, the police department lawfully retained his property until the Nevada state court ordered its release on January 26, 1990. Barrett had no right to bring an action for compensation for the loss of his property until after the issuance of the January 26, 1990 order. Accordingly, Barrett's cause of action could not accrue until that date. See Norco Const., Inc., 801 F.2d at 1146 (plaintiff's inverse taking claim did not accrue until the government made a final decision on the fate of the property because the plaintiff's claim was not ripe until that moment); Snell v. Short, 544 F.2d 1289, 1291 (5th Cir.1977) (prisoner's cause of action for deprivation of lawfully seized property could accrue only after the police no longer had authority to retain the property).
 
 
 19
 Once the Nevada court issued the January 26, 1990 order, Barrett had reason to know that the police department was no longer authorized to retain any property that could be verified as belonging to him. In his April 13, 1990 motion, Barrett stated that he had been informed that the police department had destroyed his property. This statement demonstrates that Barrett had reason to know that he had been deprived of any property belonging to him prior to April 13, 1990. Thus, Barrett's cause of action for deprivation of his property accrued on or before that date. Because Barrett did not file his action until October 9, 1992, the district court properly held that his claims were barred by the two-year limitation period.
 
 
 20
 Barrett contends that the district court should have refused to grant summary judgment because he did not have the opportunity to discover "exactly when [he] was alleged to have become aware, for the purpose of the running of the statute, of the refusal or inability of [the police department] to return his property." We disagree. It was unnecessary for the police department to demonstrate the exact date that Barrett had reason to believe that his property would not be returned because it had been destroyed. That is a matter peculiarly within Barrett's knowledge. Barrett's representation to the court demonstrates that it was on or before April 13, 1990.
 
 
 21
 Barrett further argues that his cause of action did not accrue on April 13, 1990 because, despite his statement, he still believed that the police department would return his property to him and because he was working with the department to effectuate the return of his property. That Barrett may have believed that his property was not actually destroyed and that the police would eventually return his property does not alter the fact that Barrett had reason to know that the police would not return his property and claimed to have destroyed it.
 
 
 22
 Barrett has not raised a genuine issue of fact regarding whether the statute of limitations was tolled by the doctrines of fraudulent concealment, equitable tolling or continuing violation. The record does not disclose evidence of fraudulent concealment; Barrett has been aware since April 13, 1990 that the police department would not return his property. See Golden Nuggett, Inc. v. Ham, 646 P.2d 1221, 1224 (Nev.1982) (plaintiff must allege fraudulent concealment with particularity).
 
 
 23
 The doctrine of equitable tolling is likewise unavailing. Barrett, although aware of his right to seek return of his property and to file an action for violation of section 1983, based on deprivation of his property, did not diligently pursue his action in the federal court. See Copeland v. Desert Inn Hotel, 673 P.2d 490, 492 (Nev.1983) (in determining whether to toll a statute of limitations based on equity, the Nevada courts consider, among other things, the plaintiff's diligence in pursuing his claim for relief, the plaintiff's knowledge of relevant facts, and the plaintiff's reliance on statements by the defendants that may have mislead the plaintiff).
 
 
 24
 The doctrine of continuing violation also fails to provide Barrett relief. The police department's continued refusal to return Barrett's property did not inflict "new and accumulated injury" upon Barrett. See Pace Industries, Inc. v. Three Phoenix Co., 813 F.2d 234, 237 (9th Cir.1987) (to restart the statute of limitations there must be a new and independent overt act which inflicts new and accumulated injury on the plaintiff). Rather, each time it ignored Barrett's requests, the police department simply reaffirmed its initial refusal to return the property.
 
 
 25
 In conclusion, Barrett filed his action on October 9, 1992, more than two years after he had actual knowledge that the police refused to return his property. Because there was no basis for tolling the statute of limitations, the district court correctly held that Barrett's claim that he was deprived of property valued at approximately $4,000 in violation of his right to due process was barred by Nevada's two year statute of limitations for personal injury actions.
 
 
 26
 AFFIRMED.
 
 
 
 *
 Honorable Owen M. Panner, Senior United States District Judge, for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A civil action is commenced when the complaint is filed with the court. Fed.R.Civ.P. 3. Moreover, "[w]hen papers are mailed to the clerk's office, filing is complete when the papers are received by the clerk." Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir.1989)
 
 
 [2]
 Nev.Rev.Stat. Sec. 179.105 states in relevant part:
 All property or things taken on a warrant must be retained by an officer in his custody, subject to the order of the court to which he is required to return the proceedings before him, or of any other court in which the offense in respect to which the property or things are taken is triable.