BANK OF LAKE TAHOE; Joseph Bourdeau, Plaintiffs—Appellants,

v.

The BANK OF AMERICA; State of Nevada, Financial Institutions Division; Robert Geerhart, Defendants—Appellees.

Bank of Lake Tahoe; Joseph Bourdeau, Plaintiffs–Appellants,

v.

The Bank of America; State of Nevada, Financial Institutions Division; Robert Geerhart, Defendants–Appellees.

Nos. 01–16239, 02–15601.
D.C. No. CV–00–00039–ECR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Jan. 29, 2003.

Before McKEOWN and PAEZ, Circuit Judges, and POLLAK, District Judge.*

## MEMORANDUM**

Appellants Joseph Bourdeau ("Bourdeau") and Bank of Lake Tahoe ("BLT") appeal three final orders of the United States District Court for the District of Nevada. We address here only the orders granting summary judgment to Bank of

---

* Honorable Louis H. Pollak, Senior United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

America and awarding attorney's fees to Bank of America,[1] and we affirm.

## I.

We look to Nevada law to determine whether claim preclusion is appropriate. *See Clements v. Airport Auth. of Washoe County,* 69 F.3d 321, 328 (9th Cir.1995). Under Nevada law, claim preclusion will apply where there is a valid final judgment on merits of a claim; the judgment concerns the same parties, or parties in privity with them; and the claims being brought are based on the same cause of action. *Executive Mgmt., LTD. v. Ticor Title Ins. Co.,* 114 Nev. 823, 963 P.2d 465, 473 (1998); *Bissell v. College Dev. Co.,* 89 Nev. 558, 517 P.2d 185, 187 (1973). The test for identical causes of action under Nevada law is "whether the sets of facts essential to maintain the two suits are the same." *Clements,* 69 F.3d at 328 n. 4. Claim preclusion "embraces all grounds of recovery that were asserted in a suit, as well as those that could have been asserted." *Univ. of Nevada v. Tarkanian,* 110 Nev. 581, 879 P.2d 1180, 1192 (1994).

■ Bourdeau's and BLT's argument that a final judgment had not been entered in the prior state action because Bank of America appealed the second jury verdict is foreclosed. We have interpreted Nevada law to follow the "general rule ... that a judgment may be treated as final for purposes of preclusion notwithstanding the fact that it may be subject to reversal on appeal." *See Clements,* 69 F.3d at 321 n. 7.[2] Based on the record before us, the finality requirement has been met.

The record also supports the district court's conclusion that Bourdeau and BLT

were in privity at the time the state court action commenced in February 1995. Bourdeau and BLT were acting as one entity during the formation of BLT. The district court did not err in concluding that BLT's interests were represented by Bourdeau in the state court action. *See Paradise Palms Cmty. Ass'n v. Paradise Homes,* 89 Nev. 27, 505 P.2d 596, 599 (1973); *see also In re Gottheiner,* 703 F.2d 1136, 1140 (9th Cir.1983) ("When a person owns most or all of the shares in a corporation and controls the affairs of the corporation, it is presumed that in any litigation involving that corporation the individual has sufficient commonality of interest.").

Bourdeau and BLT fail to establish that their negligence claim differs from the negligence claim brought in the 1995 state action. They contend that while the first action related to Bank of America's disclosures of Bourdeau's work history to the FDIC, the second action relates to FDIC documents not received until 1997. Both claims, however, are dependent on precisely the same set of facts: the exchange between Bank of America and investigators concerning Bourdeau's qualifications and work history. Bourdeau and BLT fail to demonstrate that any evidence essential to the present negligence claim was unavailable in the prior state action.

Nor are the intentional interference claims brought in the two actions distinguishable. The fact that the Release Agreement is the focus of the present action is of no consequence. That agreement actually contemplates and authorizes interviews and discussions between Bank of America and the FDIC, and it expired by its terms 18 months from its date of

---

1. The order dismissing the State of Nevada on Eleventh Amendment grounds is addressed in a separate, published opinion.

2. Bourdeau and BLT argue for the first time in their reply brief that there are motions outstanding in state trial court. This argument is waived as it was not raised in the district court or in the opening brief.

execution of October 29, 1993, well before the first trial in state court. For the same reason, the contract and covenant claims fail.

The arguments offered by Bourdeau and BLT in connection with the slander claim relate principally to newly alleged statements made by Geerhart, not Bank of America. Although Bourdeau and BLT contend that Geerhart published statements regarding Bourdeau's qualifications to the FDIC after speaking with Bank of America officials, these allegations simply restate Bourdeau's prior allegations in the state action. Any issues regarding alleged statements made about BLT or its employees that were not raised in the first action could have been raised at that time. Similarly, the libel claim is not based on any new cause of action.

The remaining claims against Bank of America are likewise barred by claim preclusion. Claim preclusion "embraces all grounds of recovery that were asserted in a suit, as well as those that could have been asserted." *Tarkanian*, 879 P.2d at 1192. Despite the argument that new violations have been asserted, each of the remaining claims is barred because the set of facts giving rise to them involves Bank of America's alleged release of adverse information to state and federal investigators during Bourdeau's attempt to organize BLT. The investigation in question occurred in 1993, before Bourdeau filed his first complaint. The only argument offered to distinguish the present action is the alleged belated discovery of information exchanged during the investigation. Bourdeau and BLT, however, fail to provide any evidence in the record which might lead us to believe that the facts alleged arose after the trial in state court. *See Celotex v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## II.

Bourdeau and BLT argue that the district court erred in exercising its inherent powers to award Bank of America $79,748.45 in attorney's fees after finding that the second action against Bank of America was frivolous and brought in bad faith. *See Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1134 (9th Cir.1995) (noting that inherent powers "include the power to assess attorney's fees 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991))). We review the district court's decision for abuse of discretion. *See Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 732 (9th Cir.1995).

■ The district court did not abuse its discretion in finding that the action was brought in bad faith. The claims brought by Bourdeau and BLT in this action were almost identical to the claims brought in the 1995 action in state court, and the new allegations pertain to facts that were either argued in the first action or could have been addressed in that action. Given that "[d]istrict courts have broad fact-finding powers in this area to which appellate courts must accord great deference," *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1366 (9th Cir.1990), we cannot conclude that the district court abused its discretion by finding that the claims brought by Bourdeau and BLT were frivolous.

Based on a review of the records, we conclude that the amount of fees awarded was not an abuse of discretion. Nothing indicates any abuse of discretion that would exceed the court's inherent powers. *See Mark Indus.*, 50 F.3d at 733. The due process argument does not compel reversal because an oral hearing is not required where the court has given fair notice and

ensured that the party subject to sanctions has an opportunity to respond in writing to the allegations against him. *See Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1118 (9th Cir. 2000).

**AFFIRMED.**